IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

COURTNEY D. HURT,

Defendant.                                                No. 07-cr-40047-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Hurt's motion for new trial (Doc. 56). The Government opposes the motion (Doc. 58). Based on the following, the Court denies the motion.

On June 6, 2007, the grand jury indicted Courtney Hurt on one count of knowingly and intentionally possessing with intent to distribute 5 grams or more of a mixture and substance containing cocaine base, commonly referred to as "crack cocaine," a Schedule II, Narcotic Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii) (Doc. 1). The case proceeded to trial on July 30, 2007 (Doc. 48). On July 31, 2007, a jury found Hurt guilty of the charge contained in the indictment (Docs. 52 & 53). Thereafter on August 8, 2007, Hurt filed a motion for new trial arguing that the interest of justice requires a new trial for two reasons: (1) to cure the lack of notice regarding the Government's use of law

enforcement officers as experts; and (2) to remedy the Court's refusal to instruct the jury that intoxication is a defense to the *mens rea* element of the offense with which Hurt was charged (Doc. 56).

## II. Motion for New Trial

Under **Fed.R.Crim.P. 33(a)**, the court "may vacate any judgment and grant a new trial if the interest of justice so requires." The burden is on the defendant to show that the interest of justice require retrial. ***United States v. McGee,* 408 F.3d 966, 979 (7th Cir. 2005)**. On a motion for a new trial, the Court may reweigh the evidence, taking into account the credibility of the witnesses. ***U.S. v. Washington,* 184 F.3d 653, 657-58 (7th Cir. 1999),** *cert. denied*. If the court reaches the conclusion that there is a serious danger that a miscarriage of justice has occurred-that is, that an innocent person has been convicted-it has the power to set the verdict aside; however, Rule 33's conferral of discretion on the district court is not a license to abuse it. ***U.S. v. Santos,* 20 F.3d 280, 285 (7th Cir. 1994),** *r'hrng. denied* **(citing *U.S. v. Morales,* 902 F.2d 604, 605-06 (7th Cir. 1990),** *amended, **U.S. v. Morales,* 910 F.2d 467 (7th Cir. 1990))**. The motion is addressed to the discretion of the court, and the power to grant a new trial should be exercised with caution and invoked only in the most extreme cases. ***Id.; U.S. v. Linwood,* 142 F.3d 418, 422 (7th Cir. 1998),** *cert. denied* **(citations omitted)**.

First, Hurt argues that the Government provided insufficient notice of expert testimony of Trooper Stephen Lawrence and Inspector Ricky Griffey as

neither were specifically identified by the Government prior to trial and no information regarding their training was provided except through their testimony at trial.¹ Further, Hurt contends that Trooper Lawrence's testimony about receiving El Paso Intelligence Center ("EPIC") training was subject to limited cross examination, which would have been more extensive had counsel had been provided prior to trial with Trooper Lawrence's resume and possibly a rebuttal expert could have testified regarding the deficiencies in the EPIC training.² The Government responds that there was not insufficient notice to Hurt. The Government contends that it told Hurt that any of the officers involved in the case could be used as experts and provided Hurt with their reports relating to the case along with a summary of what the expert testimony of each would involve. Further, the Government contends that based on the evidence presented at trial, it would be hard to argue that the expert testimony had much of an effect either way on the verdict in this case. The Court agrees with the Government.

**Federal Rule of Criminal Procedure 16(a)(1)(G)** provides:

> **Expert witnesses.**—At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government

---

¹Prior to trial, the Court heard argument regarding this issue and denied the same. In his motion in limine, Defendant did not want a continuance based on the alleged Rule 16 violation, instead Defendant wanted the Court to exclude any expert testimony by law enforcement officers about drug dealing.

²Hurt contends that over the past decade the EPIC has come under criticism for promoting racial profiling by depicting Hispanics and Jamaicans as drug dealers in its training films in the late 1980s. (Doc. 57, p. 2).

>requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

As to the failure to comply with Rule 16, the Court may order that party to permit discovery; grant a continuance; prohibit that party from introducing the evidence; or enter any order that is just under the circumstances. **Federal Rule of Criminal Procedure 16(d)(2)**.

Here, the Court did not err when it denied Hurt's motion in limine to exclude expert testimony of law enforcement officers. The Court determined that the Government complied with the rule in its disclosure to the Defendant. Moreover, this was a simple one count possession with the intent to deliver crack cocaine case. The evidence at trial clearly established that the officers found crack cocaine and money in Hurt's hand and front pocket. Police also found ten individually wrapped packages of heroin in Hurt's front pocket. According to the trial testimony, Hurt confessed that he was providing crack cocaine to Demetrius Powell, that Powell would sell the crack cocaine and Powell would give Hurt the money. Further, a witness testified that she gave Powell $20 for crack cocaine, that Powell went to the pick up truck (where the officers testified that Hurt was seated) and then returned with the crack cocaine. When arrested, Hurt had $265 on him and Powell had $2.55 on him. The witnesses at issue did not testify to anything out of the ordinary when

considering what officers who are giving what is technically described as expert testimony when relying on their experience in handling drug cases. Thus, the Court finds that the interest of justice does not require a new trial and denies Hurt's motion as to this issue.

Next, Hurt argues that the Court erred in not giving Defendant's proposed jury instruction No. 21, based upon the Seventh Circuit Pattern Instruction 6.09. Defendant's proposed instruction stated:

> You have heard evidence that the defendant was intoxicated at the time of the commission of the offense charged in the indictment. Knowingly and intentionally possessing with the intent to distribute, as that term has been defined in these instructions, is an element of this offense. The evidence of intoxication may be sufficient to create a reasonable doubt whether the defendant formed the required state of mind to commit the offense.

Hurt contends that based on the evidence presented at trial the Court should have given his instruction.[3] He argues that while the testimony "hardly compels a finding that Courtney Hurt was intoxicated, but does allow that determination. Particularly given the short period of intoxication from use of crack cocaine as opposed to, for example, alcohol, the absence of indicators of intoxication even a short time after Courtney Hurt's alleged offense is not dispositive of whether he was sufficiently intoxicated to not knowingly and intentionally possess cocaine base with the intent to distribute it." (Doc. 57, p. 4). Hurt contends that because the "jury never had the choice to accept or reject intoxication as a defense to the *mens rea* element of the

---

[3]In his memorandum, Hurt concedes that the law enforcement officers testified that he did not appear intoxicated or impaired.

offense for which it convicted him, a new trial is necessary." *Id*. The Government responds that there is nothing in the record to support that Hurt was intoxicated and his argument is spurious. Again, the Court agrees with the Government.

A defendant is entitled to have the jury consider any theory of defense supported by law and evidence. ***United States v. Mutuc*, 349 F.3d 930, 935 (7th Cir. 2003)(citing *United States v. Kelley*, 864 F.2d 569, 572 (7th Cir. 1989))**. To be entitled to a particular theory of defense instruction, the defendant must show the following: 1) the instruction is a correct statement of the law, 2) the evidence in the case supports the theory of defense, 3) that theory is not already part of the charge, and 4) a failure to provide the instruction would deny a fair trial. ***United States v. Chavin,* 316 F.3d 666, 670 (7th Cir. 2002)**.

As to the voluntary intoxication instruction, the Seventh Circuit held in ***United States v. Nacotee*, 159 F.3d 1073, 1076 (7th Cir. 1998)**:

> A defendant seeking a voluntary intoxication instruction must support this request with sufficient evidence upon which a reasonable jury could conclude either (1) that the defendant's "mental faculties were so overcome by intoxicants that he was incapable of forming the intent requisite to the commission of the crime," or (2) that "the intoxication was so extreme as to suspend entirely the power of reason." *Boyles*, 57 F.3d at 542 (internal citations omitted). A simple "bald statement that the defendant had been drinking or was drunk" is insufficient to justify a voluntary intoxication instruction. *Id.*, at 542. To warrant a voluntary intoxication instruction, a defendant must produce some evidence she was drunk enough to completely lack the capacity to form the requisite intent. If she fails to produce such evidence, no instruction is warranted.

Based on the evidence presented at trial, the Court finds that it did not

err when it refused to give Hurt's intoxication instruction. Clearly, there was no evidence to warrant an intoxication instruction. The officers testified that Hurt did not appear intoxicated or impaired. Further, Hurt did not present *any* evidence that he was intoxicated or *any* evidence to indicate that he was intoxicated "enough to completely lack the capacity to form the requisite intent." Hurt argues that based on the following trial testimony, the Court should have allowed the intoxication instruction: (1) Hurt was non-responsive to Trooper Lawrence's verbal commands and that Hurt "froze" with his left arm down; (2) Powell had a crack pipe in his possession when Hurt and Powell were arrested; (3) the high experienced from crack cocaine may last for fifteen to thirty minutes and (4) dealers may also possess packing materials, scales, baking soda and utensils- things Hurt did not possess when he was arrested. The Court finds that this testimony does not establish or even suggest that Hurt was intoxicated at the time of his arrest. Thus, the Court finds that the interest of justice does not require a new trial and denies Hurt's motion as to this issue.

### III. Conclusion

Accordingly, the Court **DENIES** Hurt's motion for new trial (Doc. 56). The Court reminds the parties that this matter is set for sentencing on December 14, 2007 at 1:30 p.m.

**IT IS SO ORDERED.**

Signed this 21st day of September, 2007.

/s/      DavidRHerndon
United States District Judge
