IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**COURTNEY D. HURT,**

**Defendant.**                                            No. 07-cr-40047-DRH

## MEMORANDUM and ORDER

**HERNDON**, **Chief Judge**:

### I. Introduction

Pending before the Court is Hurt's third motion for new trial filed on May 5, 2008 (Doc. 81).[1] The Government opposes the motion (Doc. 84). Based on the following, the Court **DENIES** the motion.

On June 6, 2007, the grand jury indicted Courtney Hurt on one count of knowingly and intentionally possessing with intent to distribute 5 grams or more of a mixture and substance containing cocaine base, commonly referred to as "crack cocaine," a Schedule II, Narcotic Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii) (Doc. 1). The case proceeded to trial on July 30, 2007 (Doc. 48). On July 31, 2007, a jury found Hurt guilty of the charge

---

[1] His first motion was filed through counsel, Mr. Daniel Cronin, on August 8, 2007 (Doc. 56) which the Court denied on September 21, 2007 (Doc. 62). On November 13 2007, Hurt, *pro se,* filed his second motion for new trial (Doc. 66) which the Court denied as untimely on November 14, 2007 (Doc. 67).

contained in the indictment (Docs. 52 & 53).

## II. <u>Motion for New Trial</u>

Under **Fed.R.Crim.P. 33(a)**, the court "may vacate any judgment and grant a new trial if the interest of justice so requires." The burden is on the defendant to show that the interest of justice require retrial. ***United States v. McGee,* 408 F.3d 966, 979 (7th Cir. 2005)**. On a motion for a new trial, the Court may reweigh the evidence, taking into account the credibility of the witnesses. ***U.S. v. Washington,* 184 F.3d 653, 657-58 (7th Cir. 1999),** *cert. denied*. If the court reaches the conclusion that there is a serious danger that a miscarriage of justice has occurred-that is, that an innocent person has been convicted-it has the power to set the verdict aside; however, Rule 33's conferral of discretion on the district court is not a license to abuse it. ***U.S. v. Santos,* 20 F.3d 280, 285 (7th Cir. 1994),** *r'hrng. denied* **(citing *U.S. v. Morales,* 902 F.2d 604, 605-06 (7th Cir. 1990),** *amended,* ***U.S. v. Morales,* 910 F.2d 467 (7th Cir. 1990))**. The motion is addressed to the discretion of the court, and the power to grant a new trial should be exercised with caution and invoked only in the most extreme cases. ***Id.; U.S. v. Linwood,* 142 F.3d 418, 422 (7th Cir. 1998),** *cert. denied* **(citations omitted)**.

Any motion for a new trial filed more than seven days after the verdict is too late. **See Fed.R.Crim.P. 33(b)(2); *United States v. McGee,* 408 F.3d 966, 979 (7th Cir. 2005); *United States v. Washington,* 184 F.3d 653, 659 (7th Cir. 1999)**. Only Rule 33 motions grounded on new evidence have longer time limits.

***United States v. Cavender,* 228 F.3d 792, 802 (7th Cir. 2002)**.  To prevail on a motion for new trial based on newly discovered evidence, a defendant must show that (1) that he became aware of the evidence only after trial; (2) he could not, by exercising due diligence, have discovered it sooner; (3) the evidence is material; and (4) in the event of a new trial, the evidence would probably lead to an acquittal.  ***See United States v. Hodges*, 315 F.3d 794, 801 (7th Cir. 2003); *United States v. Palivos*, 486 F.3d 250 (7th Cir. 2007)**.

On July 31, 2007, a jury found Hurt guilty of the charge contained in the indictment (Docs. 52 & 53).  This motion was filed on May 5, 2008.  Clearly his motion is untimely unless the motion is based on newly discovered evidence.  Here, Hurt argues that his motion is based on newly discovered evidence.  Specifically, Hurt claims that the newly discovered evidence is contained in an affidavit by Demetrius Powell signed on January 22, 2008.  The affidavit states:

> To whom it may concern: I have never sold any drugs for Mr. Hurt on April 26, 07 or any other day!  On April 26, Mr. Hurt only came to Sandusky so I could instale (sic) the speackers (sic) in his truck!

(Doc. 81-2).  Hurt contends that this affidavit would lead to an acquittal at trial.

A review of Hurt's motion indicates that it is not based on newly discovered evidence.  Powell's affidavit does not qualify as "newly discovered evidence."  First, Hurt has not established that this evidence came to his knowledge only after trial.  Prior to trial, Hurt obviously knew that Powell was a potential witness as they were arrested together for this crime.  Furthermore, the Seventh

Circuit has found this type of evidence not newly discovered evidence. *See United States v. Theodosopoulos*, **48 F.3d 1438, 1448-49 (7th Cir. 1995)(citing** *United States v. Ellison*, **557 F.2d 128, 133 (7th Cir. 1992)("'the facts alleged in support of a motion for a new trial were within the defendant's knowledge at the time of trial' and therefore not newly discovered").**

Hurt also fails to meet the second prong of the test. In order to satisfy this element, Hurt must show that he could not have discovered the relevant evidence despite the exercise of due diligence. Hurt cannot demonstrate that he exercised the requisite "due diligence." Hurt chose another strategy: arguing that he was intoxicated at the time of the offense. Moreover, Powell says that the Defendant was with him so that Powell could "instale" (assume install) speakers. If Hurt is asserting this to be the truth, then Hurt knew this at the time of trial and he could have provided his counsel with those facts.

Lastly, Hurt cannot establish that this evidence would have lead to an acquittal. The affidavit is inconsistent with the evidence presented at trial and Hurt's admissions to the police officers when he was arrested. As stated in the Court's September 24, 2007 Order, the evidence at trial clearly demonstrates that Powell was the drug runner for Hurt. The evidence established that the officers found crack cocaine and money in Hurt's hand and front pocket. Police also found ten individually wrapped packages of heroin in Hurt's front pocket. According to trial testimony, Hurt confessed that he was providing crack cocaine to Powell, that Powell

would sell the crack cocaine and Powell would give Hurt the money.  Further, a witness testified that she gave Powell $20 for crack cocaine, that Powell went to the pick up truck (where the officers testified that Hurt was seated) and then returned with the crack cocaine.  When arrested Hurt had $265 on him and Powell had $2.55 on him.  Despite the affidavit to the contrary, the jury would have likely disregarded it based on Hurt's admission as to what he and Powell were doing that day and the evidence establishing the same.

### III. Conclusion

Accordingly, the Court **DENIES** Hurt's motion as untimely.  The Court **REMINDS** the parties that this matter is set for sentencing on June 6, 2008 at 11:30 a.m.

**IT IS SO ORDERED.**

Signed this 9th day of May, 2008.

/s/     David R Herndon

Chief Judge
United States District Court